

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

JAN 16 2001  1:16

LORETTA G. WHYTE
CLERK

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **Andira Midwest USA, Inc.** | * | CIVIL ACTION |
| | * | NO. 00-0214 |
| **Plaintiff** | * | |
| **VERSUS** | * | |
| | * | SECTION K |
| M/V PALMYRA, her engines, tackle, apparel, etc., *in rem* Palmyra, Heinrich P., Harren & Partner Schiffahrts GmBH & Co., and Leisure Shipping A/S, *in personam* | * | MAG. 5 |
| **Defendants** | * | |

### FIRST AMENDED COMPLAINT

TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF LOUISIANA:

**NOW COMES** plaintiff, Andira Midwest USA, Inc., through undersigned counsel, and for its complaint against the M/V PALMYRA, *in rem*, and Palmyra, Heinrich P., Harren & Partner Schiffahrts GmBH & Co. and Leisure Shipping A/S, *in personam*, avers:

1.

This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. Jurisdiction is based on 28 U.S.C. § 1333.

2.

At all material times, plaintiff Andira Midwest USA, Inc. (hereinafter "Andira") was and still is a corporation organized pursuant to the laws of one of the United States or a foreign state and was the owner, consignee and/or successor in title to consignments of coffee that were shipped on board the M/V PALMYRA as more fully described below.

3.

At all material times the M/V PALMYRA was and still is an ocean-going cargo vessel which is engaged in common carriage of cargo by sea for hire between various foreign and domestic ports, including the ports of Ho Chi Minh City, Vietnam and New Orleans, Louisiana, and is now or will be during the pendency of process hereunder within this district and within the jurisdiction of this Court.

4.

At all material times, defendant Palmyra was and still is a corporation or other legal entity organized and existing pursuant to the laws of a state other than Louisiana or a foreign country and was the owner and/or operator and/or charterer and/or manager of the M/V PALMYRA, and was engaged in the common carriage of merchandise by water for hire.

5.

At all material times, defendant Heinrich P, was and still is a corporation or other legal entity organized and existing pursuant to the laws of Louisiana and was the owner and/or operator and/or charterer and/or manager of the M/V PALMYRA, and was engaged in the common carriage of merchandise by water for hire.

6.

At all material times, defendant Harren & Partner Schiffahrts GmBH & Co. was and still is a corporation or other legal entity organized and existing pursuant to the laws of a state other than Louisiana or a foreign country and was the owner and/or operator and/or charterer and/or manager of the M/V PALMYRA, and was engaged in the common carriage of merchandise by water for hire.

7.

At all material times, defendant Leisure Shipping A/S was and still a corporation or other legal entity organized and existing pursuant to the laws of a state other than Louisiana or a foreign country and was the owner and/or operator and/or charterer and/or manager of the M/V PALMYRA, and was engaged in the common carriage of merchandise by water for hire.

8.

On or about November 20, 1999, consignments of coffee owned by plaintiff were delivered in good order and condition to be the defendants and the M/V PALMYRA for carriage to the port of New Orleans, Louisiana and Jacksonville, Florida in accordance with the terms of one or more bills of lading, including, but not limited to Bills of Lading Nos. 1 through 8, inclusive, or other contract(s) of carriage, which were signed by or on behalf of the Master and/or his duly authorized agent.

9.

Thereafter, the cargo was loaded aboard the M/V PALMYRA, and having said cargo onboard, the vessel sailed from Ho Chi Minh City, Vietnam and subsequently arrived at New Orleans, Louisiana, where, upon discharge, it was discovered that the cargo was in a damaged condition due to seawater contamination, wetting, and/or other damage thereby causing damages to the plaintiff.

10.

The damage to the cargo was not caused by any act or omission of plaintiff or those for whom it may be responsible, but instead was caused by the negligence, fault, breach of duty, or breach of contract or warranty of the defendants, and/or the unseaworthiness of the M/V PALMYRA.

11.

The applicable bills of lading and/or contract(s) of carriage are governed by the general maritime law of the United States and/or the Carriage of Goods by Sea Act, 46, U.S.C. § 1301, *et seq.*, and/or other applicable laws or conventions.

12.

Prior to the commencement of this action, Andira became the owner for the value of the cargo in question and the covering bills of lading, and/or the successor in title to the rights and interest of the holder of the bills of lading, and brought this action on behalf of, and for the interest of, all parties who are or may become, interested in the cargo in question as their respective interest may ultimately appear.

13.

By reason of the premises, plaintiff has a maritime lien on the vessel.

14.

All conditions precedent to plaintiff recovering under the bills of lading have occurred or have been performed by plaintiff and/or its predecessors in title.

15.

All and singular, the matters alleged are true and correct plaintiff reserves the right to amend and supplement this complaint as further facts become available.

**WHEREFORE**, plaintiff, Andira Midwest USA, Inc. prays that:

1) The Clerk of Court issue a warrant for the arrest and/or attachment of the M/V PALMYRA, her engines, tackle, apparel, etc. and that all persons claiming any rights, title or interest in said vessel may be summoned to appear and answer under oath all and singular the matters aforesaid and that said vessel may be condemned and sold to pay the demand as aforesaid, together with interest thereon, costs and attorneys' fees;

2) Process in due form of law issued against defendants Palmyra, Heinrich P., Harren & Partner Schiffahrts GmBH & Co., and Leisure Shipping A/S citing them to appear and answer this Verified Complaint;

3) Judgment be entered in favor of plaintiff, Andira Midwest USA, Inc., and against defendants, M/V PALMYRA, her engines, tackle, apparel, etc., *in rem*, Palmyra, Heinrich P., and Harren & Partner Schiffahrts GmBH & Co., and Leisure Shipping A/S;

4) That plaintiff, Andira Midwest USA, Inc. be awarded such other relief as it may be entitled to receive.

Respectfully submitted, this __16TH__ day of January 2001.

*William K. Jewell*
WILLIAM E. O'NEIL (#10213)
WILLIAM K. TERRILL II (#25897)
O'NEIL, GALIVIN & TERRILL, L.L.C.
2250 Energy Centre
1100 Poydras Street
New Orleans, Louisiana 70163
Telephone: (504) 525-3200
Facsimile: (504) 539-5066
wkt@theoneilgroup.com

**Attorneys for Andira Midwest USA, Inc.**

**PLEASE WITHHOLD *IN REM* SERVICE OF PROCESS UNTIL FURTHER NOTICE FROM COUNSEL.**

## VERIFICATION

**STATE OF LOUISIANA**

**PARISH OF NEW ORLEANS**

**BEFORE ME**, the undersigned authority, personally came and appeared:

### WILLIAM K. TERRILL II

who was deposed and said that he is an associate in the firm of O'Neil, Galvin & Terrill, L.L.C., counsel for plaintiff herein, that he has read the above and foregoing Verified Complaint and knows the contents thereof and believes that the same are true and correct to the best of his knowledge and belief; that the sources of his knowledge and the grounds for his belief are various documents furnished and statements made to him by representatives of plaintiffs, and that the reason this verification is made by deponent and not by plaintiff is that plaintiff is a corporation, no officer of which is presently within this district.

_____
**WILLIAM K. TERRILL II**

**SWORN TO AND SUBSCRIBED** before
me this 16th day of January, 2001.

_____
**NOTARY PUBLIC**

7